UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUDGE GONZALEZ ROGERS,<br><br>　　　　Defendant. | Case No. 17-cv-06269-VC (PR)<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

Plaintiff Steven Wayne Bonilla, a state inmate, has filed a *pro se* petition for a writ of mandamus requesting that this Court order the court presiding over Bonilla's pending federal habeas action to issue a ruling. He also presents an argument for the granting of his habeas petition. Bonilla has been disqualified from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v. Dawson*, No. C 13-0951 CW (PR).

The allegations in this complaint do not show that Bonilla was in imminent danger at the time of filing. Therefore, he may not proceed *in forma pauperis*. Furthermore, he may not proceed even if he pays the filing fee because this court lacks jurisdiction to issue a writ of mandamus. *See* 28 U.S.C. §§ 1361; 1651. Section 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

*Id.* Another district court is not an employee or agency of the United States. Section 1651(a) provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, a court's power to issue any form of relief under section 1651(a) is contingent upon that court's subject-matter jurisdiction over the case or controversy. *United States v. Denedo*, 556 U.S. 904, 911 (2009). This Court lacks subject-matter jurisdiction over Bonilla's habeas action.

Furthermore, the relief Plaintiff seeks pertains to his ongoing attempts to invalidate his conviction. Therefore, such claims, if raised, must be brought by Bonilla's counsel in his pending federal habeas corpus action, *Bonilla v. Ayers*, No. C 08-0471 YGR (PR).

This is not a case in which the undersigned judge's impartiality might be reasonably questioned. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases assigned to that judge).

Accordingly, this action is dismissed with prejudice because amendment would be futile. The Clerk shall close the case. The Clerk shall return, without filing, any further documents Bonilla submits after this case is closed.

**IT IS SO ORDERED.**

Dated: November 30, 2017

---
VINCE CHHABRIA
United States District Judge